948 F.2d 1292
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Frederick G. CELANI, Plaintiff/Appellant,
v.
BEKINS VAN LINES, et al., Defendants/Appellees.
 No. 91-1178.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 12, 1991.*
Decided Nov. 26, 1991.
 
 Before BAUER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 The district court dismised Frederick Celani's complaint for failure to state a claim upon which relief could be granted. He appeals that dismissal, and we AFFIRM the court's decision for the reasons stated in Judge Curran's attached district court order.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 EASTERN DISTRICT OF WISCONSIN
 
 2
 Frederick George Celani, Plaintiff,
 
 
 3
 v.
 
 
 4
 Bekins Van Lines--Capital City Transfer, Inc., Ervin Bruner,
 
 
 5
 Richard A. Westley, Anthony Akright, Robert
 
 Richman, Susan Richman, and Thomas
 
 6
 Dunphy, Defendants.
 
 Case No. 90-C-944
 OPINION AND ORDER
 
 7
 The plaintiff in this action, Frederick George Celani, is an inmate confined in the Federal Penitentiary at Terminal Island, California. He commenced the present action on June 25, 1990, in the United States District Court for the Central District of California, premising jurisdiction on the Racketeer Influenced & Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, 1988 and the Federal Civil Rights Act, 42 U.S.C. § 1983. He also attempts to invoke various criminal statutes for which he clearly does not have standing. The complaint, which is twenty-five pages long without its attachments, is replete with accusations and legal conclusions. It does appear, however, that in 1989, Celani's wife Mary was friends with Robert and Susan Richman, whom Celani characterizes as "transient-tramps" and hobos. The Richmans were apparently living with Mary when a rift occurred in their relationship. Mary had to leave her Madison address and directed Capital City Transfer, Inc., which is the local agent for Bekins Van Lines, to move her goods, which Capital City was storing in its warehouse, to a destination in Sheboygan. Mary's goods were stored with the Richman's property and Capital City included some of the Richman's property when it made the move of the Celani property to the Sheboygan area.
 
 
 8
 The Richmans then instituted an action in small claims court in Dane County against Mary and Bekins involving, among other matters, this property. Defendant, Attorney Richard A. Westley, represented Bekins in this action. Westley settled with the Richmans by agreeing to provide the Richmans with a free rental truck in which to transport the property. The Richmans allegedly drafted an order, which was signed by Reserve Judge Ervin Bruner, regarding the subject property. In this order Reserve Judge Bruner found that Mary Celani conceded ownership of the subject property and that the Richmans were entitled to the possession of the property and judgment for possession. Celani claims that the Richmans tricked Judge Bruner into signing the order which ultimately allowed the Richmans, with the assistance of Sheboygan County Deputy Sheriff Anthony Akright, to seize the property. Celani claims that a desk, a dining table with four chairs, a lamp, two end tables, a chest of drawers, and legal papers belonging to the Celanis were illegally seized by the Richmans.
 
 
 9
 Following the commencement of the California action, defendant Anthony Akright moved to dismiss based on lack of personal jurisdiction or, in the alternative, to transfer venue to the Eastern District of Wisconsin. The district court found that the plaintiff had failed to meet his burden of proof establishing personal jurisdiction over defendant Akright and ordered venue transferred to the Eastern District of Wisconsin. Defendants Robert and Susan Richman have not been served and the remaining defendants have moved to dismiss the complaint.
 
 
 10
 In order to state a violation of RICO, a plaintiff must adequately allege that the defendants conducted the affairs of an enterprise through a pattern of racketeering activity. Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985). Celani argues that Bekins constitutes the enterprise and that the attorney who represented it (Westley), an employee who signed the inventory (Dunphy), Bekins' customers (the Richmans), and perhaps even the judge and the deputy sheriff participated as principals of Bekins and conspired to violate section 1962(a). The court must find as a matter of law that the complaint is woefully deficient in stating a RICO claim. The plaintiff's assertion that the defendants' use of the mails and the telephone constitute predicate racketeering acts is frivolous. Furthermore, even construing the pro se complaint liberally, the court is unable to ascertain a pattern. The pattern requirement is typically evaluated by considering four factors: "(1) the number and variety of predicate acts and the length of time over which they were committed; (2) the number of victims; (3) the presence of separate schemes; and, (4) the occurrence of distinct injuries." Hartz v. Friedman, Nos. 90-1042 & 90-1043, slip op. at 5-6 (7th Cir. December 4, 1990), quoting United States Textiles v. Anheuser-Busch Company, Inc., 911 F.2d 1261, 1266 (7th Cir.1990), citing Morgan v. Bank of Waukegan, 804 F.2d 970, 975 (7th Cir.1986). Taking the allegations in the complaint as true, at the very most, the plaintiff has alleged a situation in which the Richmans may have fooled the deputy sheriff into believing that certain of the Celani's property were subject to the judgment. This hardly fulfills RICO's requirement of a pattern of racketeering activity.
 
 
 11
 Notwithstanding the plaintiff's argument that Judge Bruner acted without jurisdiction, he is clearly entitled to judicial immunity. The only acts alleged involving Judge Bruner concerned his involvement in the small claims proceedings.
 
 
 12
 Finally, the court finds that the plaintiff has not adequately alleged a cause of action pursuant to 42 U.S.C. § 1983 against Deputy Sheriff Akright. There are no facts alleged by which the court could conclude that his involvement constituted the type of intentional or reckless behavior necessary to state a civil rights claim. It is accordingly ORDERED that the various defendants' motions to dismiss ARE GRANTED. The Clerk is directed to enter final judgment dismissing the complaint with prejudice as to any federal claims and without prejudice as to any pendent state claims.
 
 
 13
 Done and Ordered in Chambers at the United States Courthouse, Milwaukee, Wisconsin this 8th day of January, 1991.
 
 
 14
 /s/Thomas J. Curran
 
 United States District Judge
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs